UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

THOMAS P. RAGAS                          CIVIL ACTION

v.                                       NO. 06-4137

JIMMY TARLETON III and                   SECTION "F"
ALLSTATE INSURANCE COMPANY


ORDER AND REASONS

Before the Court is the plaintiffs' motion to remand and request for attorneys' fees.  For the reasons that follow, the motion is DENIED.

Background

Thomas Ragas's house was damaged during Hurricanes Isadore and Lilly. He filed a claim with his insurer, Allstate, for recovery. Allstate and Ragas disagreed on the cause of the damage; Ragas claimed that wind and falling tree limbs from the storms were the villains, and Allstate treated the claim as a flood claim.  Ragas eventually filed a lawsuit, and a settlement agreement was reached between Ragas and Allstate.  Before Ragas received the settlement funds, however, Allstate cancelled his homeowner's policy on May 4, 2005, citing unsatisfactory conditions on the property.

Ragas alleges that he was assured by his insurance agent,

1

Jimmy Tarleton, that if he corrected the unsatisfactory conditions on the property, his policy would not be cancelled.  Tarleton is an exclusive agent of Allstate.  Ragas claims he completed the repairs on the eve of the deadline, but Tarleton did not submit the proof of the repairs to Allstate, and Allstate cancelled the policy.  Ragas was not able to obtain insurance from another carrier.

Then Hurricane Katrina destroyed Ragas's house.  Ragas asserts that if Tarleton had submitted Ragas' proof of the corrections made to the property, the policy would have remained in effect when he suffered damages to his home due to Hurricane Katrina.

Ragas filed the current lawsuit in state court against Tarleton and Allstate on May 26, 2006.  Allstate removed the case to this Court on diversity grounds.  Ragas now moves to remand the case to state court.

## I.   Standard for Remand

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand.  York v. Horizon Fed. Sav. and Loan

<u>Ass'n</u>, 712 F. Supp. 85, 87 (E.D. La. 1989); <u>see</u> <u>also</u> <u>Shamrock Oil</u>
<u>& Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941).


II.  <u>Diversity Jurisdiction</u>

To exercise diversity jurisdiction, complete diversity must
exist between the plaintiffs and all of the properly joined
defendants, and the amount in controversy must exceed $75,000.  <u>See</u>
28 U.S.C. § 1332.  Allstate contends that this Court has diversity
jurisdiction over this suit because the plaintiffs improperly or
fraudulently joined Tarleton, an in-state defendant, to defeat
diversity jurisdiction.

A.  <u>Improper Joinder</u>

1.  Standard

A plaintiff may not join a defendant in a suit to defeat
diversity jurisdiction unless the plaintiff has a viable claim
against that defendant.  When determining whether the plaintiff has
a viable claim, "the plaintiff's intent that the joinder" of a
defendant "should defeat federal subject matter jurisdiction is
immaterial to the propriety of the removal," as long as the claim
against the party to be joined is "not merely colorable or made in
bad faith." 14C C. Wright, A. Miller & E. Cooper, <u>Federal Practice</u>
<u>and Procedure</u> § 3723, at 629-30 (3d ed. 1998). "The burden of
proving a fraudulent joinder is a heavy one" that is borne by the
removing party.  <u>Green v. Amerada Hess Corp.</u>, 707 F.2d 201, 205

(5th Cir. 1983).

"The removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts." B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981). "[F]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party." Doe v. Cutter Biological, 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3723, at 343 (2 ed. 1985)). The Court, however, should not pretry the case. Carriere v. Sears, Roebuck and Co., 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for fraudulent joinder. Whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability," the essential standard has been the same. See Travis v. Irby, 326 F.3d 644, 647 (5th Cir. 2003). In Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

4

313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted).

A full-scale evidentiary hearing is improper for determining improper joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." Green, 707 F.2d at 204. The scope of the inquiry for fraudulent joinder, however, goes beyond to pleadings to include summary judgment-type evidence. Travis, 326 F.3d at 648-49. Further, the resolution of ambiguities, whether in the relevant state law or in fact, are to be interpreted in favor of the party who is accused of improper joinder. Id. at 648.

The removing party must bear a heavy burden to prove that the non-diverse defendant was fraudulently joined, see Brady v. Wal-Mart Stores, Inc., 907 F. Supp. 958, 959 (M.D. La. 1995) by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." McKee v. Kan. City S. Ry. Co., 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted).

2.   Application

Allstate contends that Jimmy Tarleton has been fraudulently joined because there is no possibility that Ragas will be able to establish a cause of action against Tarleton under Louisiana law. Ragas' petition alleges that Tarleton caused him to lose his coverage to Allstate.

In Louisiana, an agent for a known principal cannot be held personally liable to a third party unless the agent personally binds himself, exceeds his authority, or misrepresents a position of the principal.  La. Civ. Code arts. 3016, 3019; <u>Leblanc v. Mid-Continent Life Ins.</u>, No. 93-2677, 1993 WL 432374, at *1 (E.D. La. Oct. 21, 1993).  Tarleton is an exclusive agent of the Allstate Insurance Company.  Ragas makes no allegations that Tarleton exceeded his authority, personally bound himself to Ragas, or misrepresented Allstate's position.

Additionally, Ragas does not allege a cause of action in tort against Tarleton.  Under Louisiana law, "an insured cannot state a claim against an insurance agent absent allegations of specific facts that the agent made intentional or negligent representations as to facts which it knew or had reason to know were false." <u>Bertucci v. Lafayette Ins. Co.</u>, Nos. 01-608, 01-980, 2001 WL 1223587, at *2 (E.D. La. Oct. 12, 2001) (Clement, C.J.) (citing <u>Dorsey v. The Mfrs. Life Ins. Co.</u>, 1997 WL 703354, at *7 (E.D. La. Nov. 10, 1007).  To the contrary, Ragas acknowledges that he was made aware that his policy with Allstate would be and had been cancelled.  Ragas alleges no false or misleading representations from Tarleton.

Ragas mistakenly cites case law regarding the fiduciary duty of agents to the insured.  He cites <u>Crayton v. Sentry Insurance Co.</u>, 612 So.2d 797, 770 (La. App. 1992), in claiming a duty between

6

an agent and the insured.  Crayton is correct in identifying a duty
between an agent and the insured under Louisiana law; however, the
fiduciary duty that an insurance agent owes to a customer is to use
reasonable diligence *to procure* the coverage requested.  See Graves
v. State Farm Mut. Auto Ins. Co., 821 So. 2d 769, 772 (La. App.
2002); Smith v. Millers Mut. Ins. Co., 419 So. 2d 59, 64 (La. App.
1982); Porter v. Utica Mut. Ins. Co., 357 So.2d 1234, 1238 (La.
App. 1978).  Procurement of insurance includes advising customers
regarding recommended coverage and possible gaps in coverage, see
Offshore Production Contractors, Inc. v. Republic Underwriters
Insurance Co., 910 F.2d 224, 231 (5th Cir. 1990), obtaining the
right amount of coverage requested by the customer, see Karam v.
St. Paul Fire & Marine Insurance, 281 So. 2d 728 (La. 1973), and
promptly notifying of a failure to obtain coverage for the
customer, see Cambre v. Travelers Indemnity Co., 404 So. 2d 511,
516 (La. App. 1982).  The fiduciary duty owed by insurance agents
and brokers to customers does not include the duty to assist or
advocate on the customer's behalf in handling and negotiating
claims with the insurer.  See Tomlinson v. Allstate Indemnity
Company, 2006 WL 1331541 (E.D. La. May 12, 2006).  Here, the policy
was long-standing.  The issue involves the maintenance of an
existing policy, not the procurement of a new policy.

Even if Tarleton assumed a duty, under Louisiana law,
negligence by an insurance agent is not actionable unless it

7

constitutes the cause in fact of the harm for which recovery is sought.  See Motors Ins. Co. v. Bud's Boat Rental, Inc., 917 F.2d 199 (5th Cir. 1990); Offshore Prod. Contractors v. Republic Underwriters Ins. Co., 910 F.2d 224 (5th Cir. 1990).  An act is a cause in fact of an injury when the harm would not have occurred without it.  Toston v. Pardon, 874 So.2d 791, 799 (La. 2004). Ragas does not on this record demonstrate how his insurance agent's alleged lack of assistance in submitting proof of property corrections to the insurer caused the cancellation of the policy, particularly when Ragas states that he made all repairs and corrections "on the eve of the deadline" of policy cancellation. It appears that Allstate gave notice of their intent to cancel the policy months before Tarleton's alleged negligence and Ragas has not alleged that, but for this alleged failure to act, the policy would not have nevertheless been cancelled.

Because Ragas has failed to state a claim against the in-state defendant, Tarleton, this Court finds no reasonable basis for "predicting that the state law might impose liability on the facts involved."  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted).  Allstate is correct that the in-state defendant Tarleton has been improperly joined.  The parties in this case are completely diverse.

### 3.   Consent of All Defendants for Removal

"As a general rule, removal requires the consent of all co-defendants.   In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists." Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993).   Because this Court finds that the in-state defendant, Tarleton, has been improperly joined, the requirement for all defendants to consent to removal is moot.

Accordingly, the plaintiffs' motion to remand is DENIED.


New Orleans, Louisiana, October 10, 2006.


_____
          MARTIN L. C. FELDMAN
    UNITED STATES DISTRICT JUDGE

9